

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 27, 2017

**BY ECF**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>United States v. Laquan Oberry</u>, 15 Cr. 336 (AKH)

Dear Judge Hellerstein:

The Government respectfully submits this letter in advance of sentencing in this matter, currently scheduled for March 3, 2017 at 11:00 a.m. As set forth in the U.S. Probation Department's Presentence Report ("PSR") dated January 13, 2017, the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range applicable to Laquan Oberry ("the defendant") is 21 to 27 months' imprisonment. For the reasons explained below, the Government submits that a sentence within the applicable Guidelines range would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

**A.  Background**

From in or about October 2012 through in or about December 2012, the defendant, worked with other co-conspirators, including a bank teller, to access the bank accounts of third-party victims. (PSR ¶ 10). The victims were enrolled in electronic checking, and then checks were issued to members of the conspiracy from the victim's account and without the victim's authorization. (*Id.* ¶11). The defendant, and other co-conspirators, would cash the checks at the bank employing the bank teller. (*Id.* ¶12). Between October 2012 and December 2012, approximately $47,454 was issued from the accounts and cashed at the banks. (*Id.* ¶13).

A grand jury returned an indictment against the defendant on or about July 28, 2015, and the defendant was writted into federal custody on or about August 19, 2016. The defendant first appeared for a change of plea proceeding on October 24, 2016. The Court initially denied the defendant's change of plea, finding that the defendant's allocution was insufficient. On November 4, 2016, the defendant again appeared before the Court for a change of plea proceeding, where the Court accepted his plea of guilty.

**B. The Plea and Guidelines Calculation**

On or about November 4, 2016, the defendant pleaded guilty to Count One of the Indictment, specifically, conspiracy to commit bank fraud, in violation of Title 18, United States Code, Sections 1349, pursuant to a plea agreement.

The parties' plea agreement and the PSR are in accord regarding the applicable offense level calculation. Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level is 17 because the defendant committed an offense—conspiracy to commit bank fraud—referenced to that Guideline and that offense of conviction has a statutory maximum term of imprisonment of twenty years or more. (PSR ¶ 23). Pursuant to U.S.S.G. § 2B1.1(b)(1)(D), the offense level is increased six points because the loss from the offense charged in Count One exceeded $40,000, but was less than $95,000. (*Id.* ¶ 24). Pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i), the offense level is increased by two levels because the offense involved more than ten victims. (*Id.* ¶ 25). Pursuant to U.S.S.G. § 2B1.1(b)(11)(C)(i), the offense level is increased by two levels because the offense involved the use of a means of identification to obtain or produce another means of identification. (*Id.* ¶ 26). After applying a three-point reduction due to acceptance of responsibility in a timely fashion, pursuant to U.S.S.G. § 3E1.1(a), the total offense level is 14. (*Id.* ¶¶ 32-34).

As set forth in the PSR, the defendant has five criminal history points resulting from his conviction in 2005 for first degree robbery and because the current offense was committed while the defendant was under supervision following his 2005 conviction. (*Id.* ¶¶ 36, 38). The defendant is therefore in Criminal History Category III. (*Id.* ¶ 39).

Accordingly, the defendant's Guidelines range is 21 to 27 months' imprisonment.

**C. The Defendant's Submission**

The defendant's submission focuses primarily on the defendant's limited overt role in the offense and his troubled family circumstances.

**D. Discussion**

    **1.    Applicable Law**

The Guidelines still provide important guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Indeed, although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7).  *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)  to afford adequate deterrence to criminal conduct;
> (C)  to protect the public from further crimes of the defendant; and
> (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### 2. A Guidelines Sentence Is Warranted in This Case

The Government respectfully submits that the application of the statutory sentencing factors set forth in Title 18, United States Code, Section 3553(a) weigh in favor of a sentence within the Guidelines range.  The factors particularly applicable here include the need for the sentence to reflect the nature and seriousness of the offense, to afford adequate deterrence to this defendant, and to protect the public.  18 U.S.C. § 3553(a)(2)(A)-(C).

*First*, a sentence within the Guidelines Range would appropriately reflect the nature and seriousness of the defendant's conduct.  The defendant worked with co-conspirators to access, without authorization or permission, the bank accounts of more than ten third-party victims in order to issue unauthorized checks.  The defendant's submission attempts to minimize the defendant's role in the scheme, noting the limited number of checks issued in the defendant's name.  This attempt at minimization is consistent with the defendant's refusal to accept responsibility for his conduct during the initial plea proceeding.  Yet, despite these protestations, the defendant played a key role in the execution of the conspiracy, working with others to accomplish the conspiracy by taking the fraudulently issued bank checks and depositing them.  Moreover, the offense was not committed by a group of strangers coming together for a fleeting crime of opportunity; rather, the defendant executed the scheme with the assistance of his cousin and also with the mother of his child, the scheme required planning and forethought, and it was executed over a several month period.  Although the total dollar value of the scheme was relatively low compared to other fraudulent schemes prosecuted in this District, the scheme itself undermined the trust and safety of members of the public in their personal financial security.

*Second*, a sentence within the Guidelines Range is necessary to afford adequate deterrence to the defendant and others similarly situated and promote respect for the law.  As

noted in the PSR, the defendant has spent much of the past decade incarcerated following a series of parole violations following his 2005 robbery convictions. Despite being sentenced to nearly five years of imprisonment for that crime, he was not deterred from committing the instant offense. Even more concerning, he committed the current offense while under supervision for his prior offense. A penalty within the Guidelines range is therefore warranted to deter the defendant from committing further crimes and send a message that such behavior will not be tolerated. Such a sentence will also ensure that the public is protected from further recidivism by the defendant for at least the length of his sentence.

In sum, a sentence within the Guidelines range would adequately balance the various considerations under § 3553(a) and achieve the statute's stated objectives.

**E. Conclusion**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the applicable Guidelines Range of 21 to 27 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: /s/ Michael McGinnis
Michael C. McGinnis
Assistant United States Attorney
(212) 637-2305

cc: Avrom Robin, Esq. (by ECF)